STEPHEN M. HAYES (SBN 83583)
STEPHEN P. ELLINGSON (SBN 136505)
HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP
203 Redwood Shores Pkwy., Ste. 480
Redwood City, California 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendant
AMERICAN HOME ASSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA TRINIDAD LOPEZ,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HOME ASSURANCE COMPANY and DOES 1 through 50, inclusive<br><br>Defendants. | CASE NO. C07-02464 MEJ<br><br>AMERICAN HOME ASSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441(a) [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant American Home Assurance Company (hereinafter "American Home") hereby removes to this Court the state action described below:

1. American Home is a defendant in the civil action commenced on December 18, 2006 in the Superior Court of the State of California, County of Alameda, Case No. RG06302618, entitled <u>Lopez v. American Home Assurance Company</u>.

2. American Home was served with a copy of the complaint on April 9, 2007. A true and correct copy of the Complaint is attached hereto as Exhibit "1" and is incorporated as part of this notice.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this Court by STATE FARM pursuant to the provisions of 28 U.S.C. section 1441, subdivision (a), in that

it is a civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

4. The fact that the amount in controversy exceeds the minimum requirement for diversity jurisdiction can be determined by the nature of the claims and the amount and type of the damages sought in the complaint. Plaintiff alleges she was a beneficiary of a life insurance policy issued by American Home with a $500,000 death benefit. (Complaint, ¶¶ 6, 11 and 23.) Plaintiff alleges American Home wrongfully failed to pay her this amount upon the death of the insured. (Id.) In addition to the $500,000 death benefit, plaintiff also seeks damages for emotional distress, recovery of attorney fees as an element of his special damages on a theory that plaintiff incurred these so-called *Brandt* fees to recover unreasonably withheld policy benefits. (*Brandt v. Superior Court* (1985) 37 Cal.3d 813) and punitive damages. (Complaint, ¶ 26 and Prayer for Relief.)

5. At the time of the commencement of this action, and at all times since, American Home has been, and still is, a corporation of the State of New York, being incorporated under the laws of New York, and has had and continues to have its principal place of business in New York. Plaintiff Maria Trinidad Lopez has been and continues to be a citizen of the State of California, having been a resident of the State of California.

6. This action was brought in the State of California. This corporate defendant is not, at the time of the institution of this action, and is not now, a corporation incorporated under the laws of the State of California, and does not have at the time of the institution of this action, and does not have now, its principal place of business in California.

7. American Home initially responded to the complaint in the Superior Court for the County of Alameda by way of answer. Attached hereto as Exhibit "2" is a true and correct copy of American Home's answer filed with said Court.

## DEMAND FOR JURY TRIAL

AMERICAN HOME ASSURANCE COMPANY hereby demands a trial by jury.

Dated: May 8, 2007

HAYES DAVIS BONINO ELLINGSON
McLAY & SCOTT, LLP

By _____
STEPHEN M. HAYES
STEPHEN P. ELLINGSON
Attorneys for Defendant
AMERICAN HOME ASSURANCE COMPANY

# EXHIBIT 1

1  Robert F. Campbell (CSBN 136153)
   2831 Telegraph Avenue
2  Oakland, CA 94609
   Telephone: (510) 835-1948
3  Facsimile: (510) 835-2418

4  Attorney for Plaintiff
   Maria Trinidad Lopez

Endorsed FILED
ALAMEDA COUNTY
DEC 18 2006
CLERK OF THE SUPERIOR COURT
By_____ Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

MARIA TRINIDAD LOPEZ,

    Plaintiff,

vs.

AMERICAN HOME ASSURANCE COMPANY and DOES ONE through FIFTY inclusive,

    Defendants

No. RG06302618

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; PUNITIVE DAMAGES

[DEMAND FOR JURY TRIAL]

COMES NOW PLAINTIFF MARIA TRINIDAD LOPEZ who alleges as follows:

1. Plaintiff Maria Trinidad Lopez ("Plaintiff") is the beneficiary of the proceeds of a life insurance policy (the "Policy" as hereinafter described) that was to issued Julio Paredes by defendant American Home Assurance Company ("Defendant") in the City of Oakland, County of Alameda, California.

2. Plaintiff is informed and believes and thereupon alleges that Defendant is and at all times herein mentioned was a corporation licensed to do business, and is doing business, in the State of California providing liability and indemnity and life insurance.

3. Plaintiff is informed and believes and thereupon alleges that Defendant is and at all times herein mentioned was an insurer authorized to issue and deliver life insurance policies in the State of California.

4. Plaintiff is unaware of the true identity, nature and capacity of each of the

1

1 defendants designated herein as a DOES One through Fifty, inclusive. Plaintiff is informed
2 and believes and thereupon alleges that each of the defendants designated herein as a DOE is
3 in some manner responsible for the damages and injuries as are alleged in this complaint.
4 Upon learning the true identity, nature and capacity of the defendants Does One through
5 Fifty, Plaintiff will pray for leave to amend this complaint to allege their true names and
6 capacities.

7     5.     Plaintiff is informed and believes and thereupon alleges that at all material
8 times herein alleged defendants and each of them were the agents, servants, associates and
9 employees of the other defendants, and each of them.

10     6.     Plaintiff is informed and believes and thereupon alleges that at the time of the
11 death of the insured Julio Paredes, which is hereinafter described, there was an personal life
12 insurance policy (no. PAI 9015361) (hereinafter the "Policy"), in effect that was
13 perpendicular by defendants and each of them issued to Julio Paredes under which his
14 mother, Plaintiff, as the beneficiary of the Policy to receive $500,000 upon his death.

15     7.     Plaintiff is informed and believes and thereupon alleges that the Policy was
16 delivered to Plaintiff in the County of Alameda, State of California, and that all premiums for
17 the Policy were paid in California.

18     8.     Plaintiff is informed and believes and thereupon alleges that on July 4, 2005 at
19 about 3:30 a.m. Julio Paredes drove into a parking lot of the Oaks Card Club in Emeryville,
20 California and parked the automobile he was driving, a Toyota Spyder (VIN #
21 JTDFR320020043173) (hereinafter "Spyder"), in a parking space which faced a building
22 immediately in front of the Spyder, and that other cars were parked in the spaces to the
23 immediate left and right of the Spyder. Plaintiff is informed and believes and thereupon
24 alleges that shortly after parking the Spyder, while Mr. Paredes was still in the Spyder, a City
25 of Emeryville police officer driving a marked City of Emeryville police cruiser parked that
26 cruiser in a position immediately behind and perpendicular to the Spyder. Plaintiff is
27 informed and believes and thereupon alleges that while Mr. Paredes was attempting to
28

2

1 | comply with the requests of the police officer for license and registration papers Mr. Paredes
2 | accidentally put the Spyder in gear and then accidentally stepped on the Spyder's accelerator
3 | while attempting to apply the Spyder's brake, causing the wheels of the Spyder to spin.
4 | Plaintiff is informed and believes and thereupon alleges that the police officer responded to
5 | these events by withdrawing his weapon and firing it at Mr. Paredes, hitting Mr. Paredes
6 | with three bullets. Mr. Paredes later died at Highland Hospital in Oakland.

7 |     9.    On December 23, 2005 Defendant denied the claim for benefits asserting that
8 | Mr. Paredes' death was not the result of a bodily injury caused by an accident and that
9 | therefore no Policy benefits were owed.

## FOR A FIRST AND SEPARATE CAUSE OF ACTION
## FOR BREACH OF CONTRACT
### (As against Defendants American Home Assurance Company
### and Does One through Fifty, inclusive)

14 |     10.    Plaintiff hereby incorporates by reference each and every allegation contained
15 | in paragraphs 1 through 13 and 24 through 34 as though fully set forth at length.

16 |     11.    Plaintiff is informed and believes and alleges that defendants, and each of
17 | them, are liable for the benefits of the Policy, which Plaintiff understands is $500,000, plus
18 | pre-judgement interest.

19 |     12.    Plaintiff has performed all of his obligations required of Plaintiff by the Policy,
20 | except for those obligations which because of the breach by defendants, and each of them, as
21 | alleged herein, Plaintiff has been excused or prevented from performing. Plaintiff is
22 | informed and believes and thereupon alleges that the Policy was in full force and effect at the
23 | time of the death of Mr. Paredes and provided the Policy benefits to her as the beneficiary of
24 | the Policy.

25 |     13.    Plaintiff is informed and believes and thereupon alleges that the defendants,
26 | and each of them, have deliberately misrepresented to Plaintiff pertinent facts and/or
27 | insurance policy provisions relating to the coverage at issue under the Policy.
28 |

14. Plaintiff is informed and believes and thereupon alleges that the defendants, and each of them, have unreasonably failed and refused to adopt and implement reasonable standards for the prompt and unbiased investigation and processing of Plaintiff's claim arising under the Policy.

15. Plaintiff is informed and believes and thereupon alleges that the defendants, and each of them, unreasonably and without proper cause have withheld benefits due to Plaintiff under the Policy and have denied Plaintiff's claim without proper cause.

16. Plaintiff is informed and believes and thereupon alleges that the defendants, and each of them, have unreasonably failed and refused to investigate Plaintiff's claim thoroughly.

17. Plaintiff is informed and believes and thereupon alleges that the defendants, and each of them, have unreasonably failed and refused to investigate Plaintiff's claim objectively.

18. Plaintiff is informed and believes and thereupon alleges that the defendants, and each of them, have engaged in dilatory claims handling to avoid payment of Plaintiff's claim.

19. Plaintiff is informed and believes and thereupon alleges that the defendants, and each of them, have engaged in deceptive practices to avoid payment of Plaintiff's claim.

20. Plaintiff is informed and believes and thereupon alleges that the defendants, and each of them, have engaged in abusive and coercive practices to avoid payment of Plaintiff's claim.

21. Plaintiff is informed and believes and thereupon alleges that the defendants, and each of them, have improperly engaged in post-claim underwriting to avoid payment of Plaintiff's claim.

22. Plaintiff is informed and believes and thereupon alleges that the defendants, and each of them, have disregarded other rights of Plaintiff to avoid payment of Plaintiff's claim.

23. Plaintiff is informed and believes and thereupon alleges that as a result of the breaches of contract by the defendants, and each of them, as herein alleged, Plaintiff has been injured and damaged from the failure of defendants, and each of them, to pay Plaintiff the benefits due under the Policy which Plaintiff understands is $500,000, within a reasonable period of time.

## FOR A SECOND AND SEPARATE CAUSE OF ACTION
## FOR BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING
(As against Defendants American Home Assurance Company and Does One through Fifty, inclusive)

24. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 23 and 27 through 34 as though fully set forth at length.

25. Plaintiff is informed and believes and thereupon alleges that the conduct of defendants, and each of them, as alleged herein, breached the implied covenant of good faith and fair dealing arising out of the Policy in that the denial of benefits as alleged by Plaintiff was done by the defendants without reasonable cause. Plaintiff is informed and believes and thereupon alleges that defendants, and each of them, knew that Plaintiff was entitled to the Policy benefits which Plaintiff understands is $72,000, but failed and refused to provide Plaintiff that benefit due under the Policy. As a direct and proximate and legal result of the unreasonable conduct of the defendants, and each of them, as herein alleged, Plaintiff has been required to retain an attorney to obtain the benefits due to Plaintiff under the Policy. Plaintiff has suffered emotional distress, including fright, shame, anger, humiliation, embarrassment, grief, chagrin, disappointment, and worry, as a direct result of the conduct of the defendants, and each of them which manifested itself in Plaintiff through anxiety, loss of sleep and other physical manifestations.

26. Plaintiff is informed and believes and thereupon alleges that as a direct result of the tortious conduct of the defendants, and each of them, Plaintiff was damaged and injured.

1  Plaintiff is therefore entitled to recover:

2      a.    Reasonable attorneys' fees ("<u>Brandt</u>" fees) and costs incurred by Plaintiff in obtaining policy benefits in an amount that is to be proved at the time of trial;

4      b.    An award of general damages as compensation for Plaintiff's emotional distress in an amount that is to be proved at the time of trial;

6      c.    The Policy benefits which Plaintiff understands to be $500,000, plus pre-judgement interest, in an amount that is to be proved at the time of trial.

FOR A THIRD AND SEPARATE CAUSE OF ACTION

FOR PUNITIVE DAMAGES PURSUANT

TO CIVIL CODE SECTION 3294

(As against American Home Assurance Company

and Does One through Fifty, inclusive)

27.  Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 26 as though fully set forth at length.

28.  Plaintiff is informed and believes and thereupon alleges that defendants, and each of them, have engaged in and continue to engage conduct which was and is intended by defendants, and each of them, to cause injury to Plaintiff.

29.  Plaintiff is informed and believes and thereupon alleges that defendants, and each of them, have engaged in and continue to engage in despicable conduct which was carried on by the defendants, and each of them, with conscious disregard of the rights of Plaintiff.

30.  Plaintiff is informed and believes and thereupon alleges that defendants, and each of them, have engaged in and continue to engage in despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights.

31.  Plaintiff is informed and believes and thereupon alleges that defendants, and each of them, made intentional misrepresentations to Plaintiff, committed acts of deceit toward Plaintiff, and concealed material facts known to the defendants, and each of them,

6

1  with the intention on the part of the defendants, and each of them, of depriving Plaintiff of
2  property or legal rights or otherwise causing injury. Plaintiff is informed and believes and
3  thereupon alleges that defendants, and each of them, falsely asserted apparently plausible
4  reasons for denying Plaintiffs' Claim, including without limitation the false accusation that
5  the death of Mr. Paredes was not the result of a bodily injury caused by an accident.

6      32.    Plaintiff is informed and believes and thereupon alleges that defendants, and
7  each of them, intentionally engaged in a course of conduct as herein alleged which was
8  malicious and fraudulent and intended to oppress Plaintiff and to dissuade Plaintiff from
9  seeking benefits due to Plaintiff under the Policy.

10     33.    Plaintiff is informed and believes and thereupon alleges that the failure and
11 refusal of the defendants, and each of them, to carry out their obligations under the insurance
12 policy, as herein alleged, and the acts of their agents, were all done with a conscious
13 disregard of the rights of the Plaintiff to receive the benefits due to Plaintiff under the Policy.
14 These acts were done with the knowledge and approval and ratification of the defendants and
15 each of them. These acts continued even after Plaintiff protested to the defendants and
16 Plaintiff was powerless to obtain from the defendants compliance with their obligations.
17 Plaintiff is therefore entitled to recover punitive damages.

18     34.    Plaintiff is informed and believes and thereupon alleges that the damages
19 sought by Plaintiff exceed the minimum jurisdictional limit of this court.

20 **PRAYER**
21 WHEREFORE, Plaintiff prays for
22     A.    Damages according to proof for breach of contract, including the Policy
23 benefits which Plaintiff understands to be $500,000, plus pre-judgement interest;
24     B.    General and compensatory damages including, but not limited to, injuries
25 resulting from humiliation, mental anguish and emotional distress according to proof;
26     C.    Attorneys' fees incurred in obtaining policy benefits ("Brandt" fees), as
27 provided by law;
28

1   D.   Prejudgement interest in an amount to be proved at time of trial;
2   E.   Punitive damages in an amount sufficient to deter and make an example of
3   defendants;
4   F.   Costs of suit incurred herein; and
5   G.   Such other and further relief as the court may deem just and proper.

_____     December 17, 2006
Robert F. Campbell                  Date

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

_____     December 17, 2006
Robert F. Campbell                  Date

8

**EXHIBIT 2**

STEPHEN M. HAYES (SBN 83583)
STEPHEN P. ELLINGSON (SBN 136505)
HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP
203 Redwood Shores Pkwy., Ste. 480
Redwood City, California 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendant
AMERICAN HOME ASSURANCE COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| MARIA TRINIDAD LOPEZ, | CASE NO. RG06302618 |
|---|---|
| Plaintiffs, | |
| v. | **AMERICAN HOME ASSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| AMERICAN HOME ASSURANCE COMPANY and DOES 1 through 50, inclusive | |
| Defendants. | |

Defendant American Home Assurance Company, in answer to the unverified Complaint of plaintiff herein, denies each and every, all and singular, the allegation of the unverified Complaint, and in this connection defendant denies that plaintiff has been injured or damaged in any of the sums mentioned in the Complaint, or in any sum, or at all as the result of any act or omission of this answering defendant.

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that said complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned in the Complaint herein, plaintiff failed to mitigate the amount of his damages. The damages claimed by plaintiff could have

1 been mitigated by due diligence on his part or by one acting under similar circumstances. Plaintiff's
2 failure to mitigate is a bar to his recovery under the Complaint.

3   AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON
4 FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this
5 answering defendant alleges that the injuries allegedly sustained by plaintiff were either wholly or
6 in part caused by plaintiff or persons, firms, corporations or entities other than these answering
7 defendants, and whose acts or omissions are imputed to plaintiff as a matter of law.

8   AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT
9 ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,
10 this answering defendant alleges that plaintiff cannot assert any contractual claims set forth in his
11 Complaint because plaintiff prevented performance of said contract.

12   AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON
13 FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this
14 answering defendant alleges on information and belief that plaintiff cannot assert any of the
15 contractual claims contained in his Complaint because plaintiff materially breached said contract.

16   AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON
17 FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this
18 answering defendant alleges on information and belief that the sole and proximate cause of the
19 circumstances and events complained of by plaintiff in the Complaint was due to the acts or
20 omissions of persons and entities other than this answering defendant.

21   AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT
22 ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,
23 this answering defendant alleges that said complaint fails to state facts sufficient to constitute a
24 claim for exemplary or punitive damages pursuant to §3294 of the Civil Code.

25   AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT
26 ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,
27 this answering defendant alleges that plaintiff's Complaint, to the extent that it seeks exemplary or
28 punitive damages pursuant to §3294 of the Civil Code, violates defendant's right to procedural due

process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages pursuant to §3294 of the Civil Code, violates defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the Untied States Constitution and Article I, Section 17, of the Constitution of the State of California, and violates defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the Untied States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

WHEREFORE, this answering defendant prays for judgment as follows:

1. That plaintiff take nothing by the Complaint;
2. For costs of suit incurred herein; and
3. For such other and further relief as the Court deems proper.

Dated: May 8, 2007

HAYES DAVIS BONINO ELLINGSON MCLAY & SCOTT, LLP

By: _____
STEPHEN M. HAYES
STEPHEN P. ELLINGSON
Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

| | |
|---|---|
| CASE NAME: | Lopez v. American Home Assurance Company |
| ACTION NO.: | RG06302618 |

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 203 Redwood Shores Pkwy., Suite 480, Redwood Shores, California 94065. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**AMERICAN HOME ASSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood Shores, California.

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

Robert F. Campbell, Esq.
2831 Telegraph Ave.
Oakland, CA 94609
Telephone: 510.835.1948
Facsimile: 510.835.2418

**Attorney for Plaintiff
MARIA TRINIDAD LOPEZ**

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 8, 2007 at Redwood Shores, California.

_____
Abigail Bowman

23075

**PROOF OF SERVICE - CASE NO. RG06302618**

| | |
|---|---|
| CASE NAME: | Lopez v. American Home Assurance Company |
| ACTION NO.: | |

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 203 Redwood Shores Pkwy., Suite 480, Redwood Shores, California 94065. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**AMERICAN HOME ASSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441(a) [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood Shores, California.

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

Robert F. Campbell, Esq.
2831 Telegraph Ave.
Oakland, CA 94609
Telephone: 510.835.1948
Facsimile: 510.835.2418

**Attorney for Plaintiff
MARIA TRINIDAD LOPEZ**

☒ *(Federal)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 8, 2007 at Redwood Shores, California.

*Abigail Bowman*
Abigail Bowman